1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7   CLARK K., *et al.*,                    )
                                          )          2:06-CV-1068-RCJ-RJJ
8              Plaintiffs,                 )
                                          )
9        vs.                               )          **ORDER**
                                          )
10  MICHAEL WILLDEN, *et al.*,             )
                                          )
11             Defendants.                 )
    _____)

12
13

14      This matter comes before the Court on Defendants Michael Willden, Fernando Serrano,

and John Doe's (collectively "State Defendants") Motion to Partially Dismiss Amended

Complaint. (#136.) Defendants Clark County, Virginia Valentine, Tom Morton, Louis Palma,

Bruce L. Woodbury, Tom Collins, Chip Maxfield, Yvonne Atkinson Gates, Myrna Williams,

Lynette Boggs McDonald, and Rory Reid (collectively "County Defendants") have also filed a

limited Motion for Joinder (#140) as to Plaintiffs' due process claim based on the Interstate

Compact on the Placement of Children, and Plaintiffs' claim for breach of contract. The Court

has considered the Motions, the pleadings on file, and oral argument on behalf of all parties and

hereby issues the following Order.

15
16
17
18
19
20
21
22
23
24
25

1

**BACKGROUND**

2          In August 2006, Plaintiffs[1] filed suit on behalf of themselves and "all abused and

3   neglected children who are in, or at risk of entering, the Clark County foster care system." (#57-

4   1 at 6.)  Plaintiffs originally filed this civil action under 42 U.S.C. § 1983 against Kenny C.

5   Guinn, as Nevada Governor, Michael Willden (Director of Nevada Health and Human Services),

6   Fernando Serrano (Administrator of the Nevada Division of Child and Family Services), John

7   Doe (Bureau Chief of the Bureau of Services for Child Care of the Division of Child and Family

8   Services), Virginia Valentine (Clark County Manager), Clark County Department of Family

9   Services, Tom Morton (Director of Clark County Department of Family Services), Louis Palma

10   (Manager of Shelter Care for the Clark County Department of Family Services), County

11   Commissioners Bruce L. Woodbury, Tom Collins, Chip Maxfield, Yvonne Atkinson Gates,

12   Myrna Williams, Lynette Boggs McDonald, and Rory Reid, and finally Clark County itself.  In

13   their Complaint, Plaintiffs seek declaratory and injunctive relief relating to the operation of

14   Nevada's and Clark County's foster care system.

15          On May 14, 2007, this Court issued a lengthy order in which it dismissed the Governor

16   completely from this action.  The Court further dismissed some of Plaintiff's claims for failure

17   to state a claim.  The remaining Defendants have now filed their Motion to Partially Dismiss

18   Plaintiffs' Amended Complaint for failure to state a claim.

19

20

21

22   _____
     [1] Plaintiffs proceed under fictitious names pursuant to Federal Rule of Civil Procedure 10(a).  The named Plaintiffs
23   include Clark K. (by his next friend Sherry Anderson), Jalen, Sia, Roshaun, Caleb, and King A. (collectively the "A
     Plaintiffs") (by their next friend Tarrah Logan), Toni Summer and Frank B. (collectively the "B Plaintiffs") (by their
     next friend Marilyn Paikai), and Donna C. (by her next friend Jacquelyn Romero).
24

25                                              Page 2 of  10

**DISCUSSION**

**I.      Defendants' Motion to Dismiss**

Defendants ask the Court to dismiss Plaintiffs' third (§1983 action based on procedural due process), seventh (procedural due process violation based on the Nevada Constitution), and tenth (breach of contract) causes of action.  Defendants argue that Plaintiffs have failed to state valid claims under these causes of action.  Specifically, Defendants argue that Plaintiffs substantive due process claims fail because Plaintiffs cannot demonstrate a valid state created liberty interest, and even if they could, the law already provides sufficient due process to address Plaintiffs' complaints.  Plaintiffs ask the Court to deny Defendants' Motion because it is not properly before the Court, and because Plaintiffs have stated claims upon which the Court may grant relief.

**A.      Standard of Review**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the plaintiff "fail[s] to state a claim upon which relief can be granted."  Dismissal for failure to state a claim under Rule 12(b)(6) is proper only if it is beyond doubt the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.  *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).  The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff.  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996).  Although courts assume the factual allegations to be true, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

On a motion to dismiss, the court "presumes that general allegations embrace those specific facts that are necessary to support the claim."  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S.

1   871, 889 (1990).  However, conclusory allegations and unwarranted inferences are insufficient

2   to defeat a motion to dismiss under Rule 12(b)(6).  *In re Stac Elecs.*, 89 F.3d at 1403.  If either

3   party submits materials outside of the pleadings in support or in opposition to the motion to

4   dismiss, and the district court relies on these materials, the motion may be treated as one for

5   summary judgment.  *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

6       **B.      Plaintiffs' Estoppel Argument**

7       Plaintiffs first contend that Defendants' latest Motion to Dismiss fails to address any new

8   issues of fact or law, and thus the Court should deny the Motion pursuant to Federal Rule of

9   Civil Procedure 12(g).  Rule 12(g) states:

10          If a party makes a motion under this rule but omits therefrom any defense or
            objection then available to the party which this rule permits to be raised by
11          motion, the party shall not thereafter make a motion based on the defense or
            objection so omitted, except a motion as provided in subdivision (h)(2) hereof on
12          any of the grounds there stated.

13  Rule 12(h)(2), in turn, states:

14          A defense of failure to state a claim upon which relief can be granted, a defense
            of failure to join a party indispensable under Rule 19, and an objection of failure
15          to state a legal defense to a claim may be made in any pleading permitted or
            ordered under Rule 7(a) [governing answers and counterclaims], or by motion for
16          judgment on the pleadings, or at the trial on the merits.

17      Therefore, a party who makes a motion under Rule 12 is precluded from raising a similar

18  objection omitted in the first motion unless the motion is based upon a ground set forth in

19  Federal Rule of Civil Procedure 12(h)(2).  Rule 12(h)(2) includes a motion to dismiss for failure

20  to state a claim.  *See* Fed.R.Civ.P. 12(h)(2).  Accordingly, Defendants' Motion to Dismiss is

21  properly before the court.  Moreover, there is no appearance of bad faith on part of Defendants.

22  Accordingly, the Court rejects Plaintiffs' estoppel argument.

23

24

25                          Page 4 of  10

1      **C.      Counts Three and Seven—Plaintiffs' § 1983 Procedural Due Process Claim**

2              Plaintiffs allege that their federal and state constitutional due process rights were violated

3      when Defendants failed to enforce various Nevada statutes providing for Plaintiffs' welfare.  For

4      the reasons stated below, the Court rejects Plaintiffs' claims and grants Defendants' Motion to

5      Dismiss.

6              To prevail on a § 1983 claim based on a procedural due process violation, a plaintiff must

7      establish the following: (1) a constitutionally protected liberty or property interest; (2) a

8      deprivation of that interest by the government; and (3) the lack of process.  *Portman v. County*

9      *of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  Only if Plaintiffs demonstrate the existence

10     of all three elements may the Court entertain their claim.

11             **1.      Constitutionally Protected Interest**

12             The Court begins its analysis by examining whether Plaintiffs have any protected

13     interests.  Only if the Court finds a constitutionally protected interest must it ask whether the

14     alleged deprivation was accompanied by appropriate due process.  *Ky. Dep't of Corrs. v.*

15     *Thompson*, 490 U.S. 454, 460 (1989).  The Supreme Court has specifically declined to address

16     whether state child welfare statutes give children an entitlement to protective services "which

17     would enjoy due process protection against state deprivation . . . ."  *DeShaney v. Winnebago*

18     *County Dep't of Social Servs.*, 489 U.S. 189, 195 n.2 (1989).  Further, as both Defendants and

19     Plaintiffs recognize, the Ninth Circuit has not addressed this issue.

20             Although the Ninth Circuit has not specifically addressed the issue, it has held that a state

21     law must satisfy two requirements in order to create a liberty interest protected by the

22     Constitution.  "First, the law must set forth substantive predicates to govern official decision

23     making and, second, it must contain explicitly mandatory language, i.e., a specific directive to

24     the decision maker that mandates a particular outcome if the substantive predicates have been

25                                              Page 5 of  10

met." *Valdez v. Rosenbaum*, 302 F.3d 1039, 1044 (9th Cir. 2002) (internal citations and quotations omitted).  The Supreme Court also has stated that a "'state creates a protected liberty interest by placing substantive limitations on official discretion.'" *Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)).  A state substantively limits official discretion "by establishing 'substantive predicates' to govern official decision making . . . and, further by mandating the outcome to be reached upon a finding that the relevant criteria have been met." *Ky. Dep't of Corrs.*, 490 U.S. at 462.  Further, the Court cannot elevate a state-mandated procedure to a constitutionally protected interest solely because the state procedure is couched in mandatory terms, since obligatory governmental actions can serve various legitimate ends other than conferring a constitutionally protected interest upon an individual.  *See Olim*, 461 U.S. at 250-51; *see also Town of Castle Rock v. Gonzales*, 545 U.S. 748, 764-65 (2005).

The statutes and regulations at issue in this case do not confer constitutionally protected interests on the Plaintiffs.  While the provisions at issue, which deal with appointment of a guardian ad litem, child abuse investigation, placement of and services to foster children, foster care licensing, child care facility licensing, and the Interstate Compact on the Placement of Children, set forth the requirements that state and local officials must undertake, they do not, standing alone, create independent substantive entitlements whose deprivation would trigger the Due Process Clause.  *See Sealed v. Sealed*, 332 F.3d 51, 57 (2nd Cir. 2003); *see also Doe v. D.C.*, 93 F.3d 861, 867-68 (D.C. Cir. 1996) (finding that the codification of procedures for child abuse and neglect reports did not indicate that the agencies responsible for carrying out the statutorily created procedural rights assumed constitutional obligations to protect children from abuse); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 392 (4th Cir. 1990); *Charlie H. v. Whitman*, 83 F. Supp. 2d 476, 509-13 (D. N.J. 2000) (rejecting similar due process claims).  While some

Page 6 of  10

of the statutory provisions at issue use mandatory language such as "shall", these provisions do not set forth substantive predicates to govern official decision making or mandate the outcome to be reached upon a finding that the relevant criteria have been met—requirements that must be met to establish a protected interest. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1044 (9th Cir. 2002); *Ky. Dep't of Corrs.*, 490 U.S. at 461-63. Moreover, Plaintiffs have admitted that many of the statutes at issue do not even apply to the State Defendants. For example, Nev. Admin. Code § 432B.405, which requires an assessment of foster children's safety before returning them to their parents' custody, applies to the Clark County Department of Child and family Services, not the State Defendants.

Simply put, while some of the statutes to which Plaintiffs look contain mandatory words such as must or shall, these provisions do not give rise to constitutionally protected interests. These provisions neither limit Defendants' discretion nor provide the outcome to be reached upon a finding of a violation. Moreover, even if the Court were to find a constitutionally protected interest, Plaintiffs fail to allege that the process already provided by the state court system is insufficient. Likewise, Plaintiffs fail to provide or allege what additional process should be afforded Plaintiffs. For the reasons stated above and at oral argument, the Court grants State Defendants' Motion to Dismiss as it relates to Plaintiffs' procedural due process claims in counts three and seven.

### D. Breach of Contract

Plaintiffs also assert a breach of contract claim for breach of the state Plans. Under the Adoption and Assistance and Child Welfare Act (the "Act"), a state may obtain federal funding provided it complies with certain federal guidelines as set out in the Act. If a state chooses to seek federal funding, it must obtain federal approval of its plan. Plaintiffs assert that as a result of Defendants' actions and inactions, Plaintiffs, as third-party beneficiaries to the Adoption

1    Assistance Act and other federal regulations under which they bring their federal claims, are

2    being denied their rights under the federal common law to the services and benefits that Nevada

3    is contractually obligated to provide.  Defendants contend first that these plans are not contracts

4    and, even if they were, Plaintiffs are not intended third-party beneficiaries.  Plaintiffs also claim

5    that the Court may not entertain this request to dismiss because the Court previously refused to

6    dismiss the claim and indicated it could be heard at summary judgment.

7                                    **1.       Prior Order**

8            First, Plaintiffs argue that Defendants' Motion is improper because the Court has already

9    considered Defendants' arguments, and because Defendants failed to move for dismissal in their

10   prior Motion to Dismiss.  As discussed above, Defendants are not barred from filing another

11   Motion to Dismiss for failure to state a claim.  In addition, the Court never ruled on this issue.

12   In its prior Order, the Court simply said it could not make any decision on Plaintiffs' claim for

13   breach of contract because Plaintiffs failed to include or discuss the actual contract the Court was

14   to consider.  Plaintiffs subsequently amended their Complaint and provided the detail and the

15   alleged contract to this Court.  Thus, the Court now considers Defendants' argument.

16                                   **2.       Valid Contract?**

17           Plaintiffs have failed to provide any support for the proposition that Nevada's state plan

18   formulated under the Adoption Assistance Act or CAPTA, and approved by the Secretary of

19   Health and Human Services pursuant to the federal statutes, constitutes a contract.  This question

20   is an issue of first impression in the Ninth Circuit.  Only one other federal court has considered

21   whether state plans promulgated to comply with the federal statutes at issue in this case

22   constitute a valid contract.  *See Charlie H. v. Whitman*, 83 F. Supp. 2d 476 (D. N.J. 2000).  In

23   *Charlie H.*, the court held that state plans such as those at issue in this case did not constitute a

24   binding contract.  The Court noted that the plaintiffs could not demonstrate the state of New

25                                    Page 8 of  10

Jersey could be sued by any entity for New Jersey's alleged failure to comply with its "contractual" obligations. Here, Plaintiffs also fail to provide similar evidence or allegation. For example, the other party to this alleged contract is the United States. The federal statutes governing this relationship do not indicate that the United States may sue Nevada for failing to abide by the federal statutes. If Nevada fails to comply, it simply loses federal funding. Thus, Nevada's obligations under the state plans are voluntary. Moreover, many of the breaches for which Plaintiffs seek relief are based on alleged contractual obligations stemming from statutory provisions for which this Court has already held that Plaintiffs have no private cause of action. Thus, Plaintiffs are attempting to circumvent this Court's prior Order by seeking relief, for breach of contract, under statutory provisions for which no private cause of action is provided.

Plaintiffs cite several cases to support their view that they are third-party beneficiaries under the state plans. Indeed, while Plaintiffs provide ample support to show they may be third-party beneficiaries, they fail to provide any case establishing a contract in the first place. As both parties note in their pleadings, the cases submitted by Plaintiffs do not deal with the statutes at issue. The only federal case addressing these federal statutes, although not binding on this Court, refused to find a contract. This Court has already ruled that Plaintiffs may seek a private cause of action on many of these alleged statutory violations, as delineated in its prior order. The Court has also dismissed many of Plaintiffs' claims for lack of a private cause of action. Plaintiffs may not seek double recovery or circumvent this Court's prior rulings by an action for breach of contract. The Court therefore grants Defendants' request to dismiss Plaintiffs' tenth cause of action for breach of contract.

**CONCLUSION**

For the reasons stated above and at oral argument, the Court grants State Defendants' Motion to Partially Dismiss Amended Complaint. The Court further grants County

Page 9 of 10

Defendants' Motion for Joinder.  Accordingly, IT IS HEREBY ORDERED that State Defendants' Motion to Partially Dismiss Amended Complaint (#136) is *granted*.  IT IS FURTHER ORDERED that County Defendants' Motion for Joinder (#140) is *granted*.

DATED:          September 4, 2007

                                                  _____
                                                  ROBERT C. JONES
                                                  UNITED STATES DISTRICT JUDGE